[Cite as *State v. Holbrook*, 2013-Ohio-1870.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JASON HOLBROOK | : | Case No. 2012CA00180 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of  Common
                                 Pleas, Case No. 2012CR0852

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                May 6, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

JOHN D. FERRERO                           MATTHEW A. PETIT
Prosecuting Attorney                      116 Cleveland Avenue, NW
                                          Suite 808
By: RENEE M. WATSON                       Canton, OH  44702
110 Central Plaza South
Suite 510
Canton, OH  44702-1413

*Farmer, J.*

{¶1} On July 10, 2012, the Stark County Grand Jury indicted appellant, Jason Holbrook, on one count of domestic violence in violation of R.C. 2919.25. Said charge arose from an incident involving appellant's girlfriend, Kayla Ecklund. Appellant had slapped Ms. Ecklund across the face.

{¶2} A jury trial commenced on August 20, 2012. The jury found appellant guilty. By judgment entry filed September 17, 2012, the trial court sentenced appellant to twelve months in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE APPELLANT'S CONVICTION FOR ONE COUNT OF DOMESTIC VIOLENCE IN VIOLATION OF R.C. 2919.25 WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶5} Appellant claims his conviction for domestic violence was against the manifest weight and sufficiency of the evidence. We disagree.

{¶6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On

review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172 (1983), 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶7} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A) which states, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "Physical harm" is defined in R.C. 2901.01(A)(3) as, "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶8} Appellant argues because the responding officers and his grandmother, Betty Knight, did not testify to any visible injury, swelling, or redness on the victim's face, the evidence is insufficient to establish the element of physical harm.

{¶9} The victim, Kayla Ecklund, was 5'2" tall, 110 pounds, nineteen years old, and seven months pregnant at the time of the incident. T. at 78, 92. Appellant was thirty-eight years old at the time. T. at 137. Ms. Ecklund testified she and appellant entered into an argument. She attempted to call her mother and appellant slapped her. T. at 91, 99. She explained, "Jason had been drinking, and we had gotten in an argument; and I went to go call my mom to tell her to come pick me up. He told me to

get away from the phone, and I wouldn't. So he had hit me across the face." *Id.* She testified her face was red and swollen. T. at 92, 100.

{¶10} Neither of the responding officers observed any physical marks on Ms. Ecklund, except Stark County Sheriff's Sergeant Terry Curry, who observed a slight injury. T. at 110-111. Ms. Ecklund was upset and distraught according to the officers. T. at 78, 109.

{¶11} Ms. Knight told the officers at the scene that appellant had slapped Ms. Ecklund across the face, but at trial, claimed not to have witnessed the slap or was too confused to recall the entire incident because of her low blood sugar. T. at 136-138. Ms. Knight appeared to blame Ms. Ecklund for giving appellant some beer that aggravated his mental illness. T. at 133-134.

{¶12} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶13} Upon review, we find sufficient evidence of an event that meets the definition of "physical harm," a slapping, and no manifest miscarriage of justice.

{¶14} The sole assignment of error is denied.

{¶15} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


_s / Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s / John W. Wise_____

JUDGES


SGF/sg 426

[Cite as *State v. Holbrook*, 2013-Ohio-1870.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JASON HOLBROOK | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012CA00180 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.


s / Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s / John W. Wise_____

JUDGES